IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John B. Schlosser, | : | |
| Plaintiff, | : | Case No. 2:06-cv-905 |
| v. | : | Judge Sargus |
| Michael J. Astrue, Commissioner of Social Security, | : | Magistrate Judge Abel |
| | : | |
| Defendant. | | |

**ORDER**

This matter is now before the Court on plaintiff's February 14, 2008 motion for attorney's fees under the Equal Access to Justice Act ("EAJA").

Background. By an Order dated December 12, 2007, the Court adopted the Magistrate Judge's October 12, 2007 Report and Recommendation recommending that this case be remanded so that the be record could be fully developed with respect to whether Schlosser was mentally retarded and met the criteria for disability set out in Listing 12.05(c). A careful review of the testimony of the medical expert, Dr. Buban, showed that her testimony at the 2003 and 2006 hearings were inconsistent. In November 2003, Dr. Buban testified that it was likely that Schlosser had mild mental retardation; however, in May 2006, Dr. Buban testified that although his test scores generally supported a finding of mild mental retardation, Schlosser did not appear to be functionally mentally retarded. Instead, Dr. Buban opined that Schlosser functioned in the range of borderline intellectual functioning.

Given the inconsistencies in Dr. Buban's testimony and the failure of the examining psychologist, Dr. Mellander, to provide an opinion with respect to whether or not plaintiff was mentally retarded, the Magistrate Judge recommended remand. The administrative law judge was instructed to:

1. Consider whether the finding that Schlosser suffered from mild mental retardation made when he was granted Supplement Security Income benefits (R. 136) is res judicata.

2. Make express credibility and fact findings regarding Schlosser's adaptive functioning, e.g., home living–does he credit plaintiff's testimony that his mother has to instruct him on operation of the washer and microwave and that he is unable to cook using the stove.

3. Determine the impact of his school records, mental retardation classes, low grades and that he never had a driver's licenses.

4. Determine the impact of substance abuse on adaptive functioning. Schlosser says that he no longer drinks. The Commissioner should consider whether plaintiff should be evaluated again for substance abuse, intellectual functioning, and adaptive functioning.

5. The Commissioner should consider whether a Social Security/state agency employee should contact plaintiff's mother and obtain information regarding his adaptive functioning.

Discussion. Under the EAJA, 28 U.S.C. §2412(d)(1)(A):

> [A] court shall award to a prevailing party other than the
> United States fees and other expenses, in addition to any costs

-2-

> awarded pursuant to subsection (a), incurred by that party in any
> civil action . . . including proceedings for judicial review of agency
> action, brought by or against the United States in any court having
> jurisdiction of that action, unless the court finds that the position of
> the United States was substantially justified or that special
> circumstances make an award unjust.

When an award is also made under 42 U.S.C. §406(b)(1), an EAJA award reimburses the plaintiff for the fees he paid his attorney under §406(b)(1). *Meyers v. Heckler*, 625 F. Supp. 228, 231 (S.D. Ohio 1985). A prevailing plaintiff is entitled to recover attorney's fees from the government unless the government shows that its litigation position was substantially justified. *Sigmon Fuel Company v. Tennessee Valley Authority*, 754 F.2d 162, 166 (6th Cir. 1985). The Commissioner bears the burden of demonstrating that the government's position was substantially justified. *E.W. Grobbel Sons, Inc. v. National Labor Relations Board*, 176 F.3d 875, 878 (6th Cir. 1999). The test for determining when the government's litigation position is substantially justified was set out by the United States Court of Appeals for the Sixth Circuit in *Trident Marine v. Corps of Engineers*, 766 F.2d 974, 980 (6th Cir. 1985):

> Whether or not the government's position is substantially justified
> is basically a question of reasonableness. *Wyandotte Savings Bank
> v. NLRB,* 682 F.2d 119, 1200 (6th Cir. 1982). "The government
> must therefore show that there is a reasonable basis in truth for the
> facts alleged in the pleading; that there exists a reasonable basis in
> law for the theory it propounds; and that the facts alleged will
> reasonably support the legal theory advanced." *United States v.
> 2,116 Boxes of Boned Beef,* 762 F.2d at 1487.

Here, there was evidence that defendant could point to supporting its position that the ALJ correctly found that Schlosser was not disabled. Even Dr. Buban's testimony was susceptible to an interpretation contrary to that ultimately adopted by the Court. At the 2003 hearing, Dr. Buban did testify that test scores generally put plaintiff in the range of mild mental

-3-

retardation, but she also said that he was on the cusp in many ways between borderline intellectual functioning and mild mental retardation (R. 57). Dr. Buban also testified that it was possible that, with abstinence from alcohol and drugs, Schlosser's overall intellectual functioning could possibly improve. *Id.* She further noted plaintiff's history of being able to function in some work environments. *Id.* Although this Court did not agree that Dr. Buban's opinion provided substantial evidence in support of the ALJ's decision, the Commissioner's litigation position was substantially justified by both Dr. Buban's 2003 and 2006 testimony. The Commissioner further reasonably relied on other evidence supporting the ALJ's decision. For example, Schlosser lived with his mother, washed dishes, swept and vacuumed, and did laundry (R. 323 and 328). Plaintiff testified that he did some cooking (he could cook pork chops), then stated "I live with my mom, you know, she cooks," suggesting that he was not required to make his own meals (R. 328). Plaintiff was also able to operate a riding lawn mower over five acres of land for an hour and a half (R. 330-31), which is evidence that he understood how to operate and maneuver the mower, and could persist until the task was completed.

Further supporting the Commissioner's litigation position was Schlosser's testimony that after his disability benefits were terminated he worked at the same job for three years (R. 325). He was fired for absenteeism, which he attributed to his not having a ride to work (R. 326). His employer did not give him any special accommodations (R. 331).

Finally, Dr. Mellander found that plaintiff had adequate concentration for simple repetitive tasks (R. 222). He also reported that Schlosser had been able to maintain a position of employment as a general laborer for three years, suggesting he could handle the pressures of being in a work setting with normal work pressures (D. 223). Dr. Mellander suggested that

-4-

plaintiff's absenteeism and problems meeting his employer's expectation of quality and speed of production might have been attributable to substance abuse (R. 223).

Here, the Court recognizes that there was some evidence in the record supporting the ALJ's decision, which establishes that the Commissioner's litigation position was substantially justified. *Jankovich,* 868 F2d at 870. A reasonable person could have concluded that the discrepancies within the medical testimony were resolved by explanation of changes in Plaintiff's alcohol and drug consumption. This assumption is supported by medical testimony that Plaintiff could perform simple, routine tasks and also by indications that Plaintiff's difficulties in maintaining employment might have been caused by substance abuse. Therefore, the ALJ was justified in relying on inconsistent testimony where the inconsistencies could be explained or resolved by a reasonable person.

Simply because the Court rejects the Commissioner's litigation position that there is substantial evidence in the record supporting the administrative law judge's decision, that does not establish that the Commissioner's litigation position was not substantially justified. *Jankovich v. Bowen,* 868 F.2d 867, 869 (6th Cir. 1989). The Commissioner's position is substantially justified if "it was grounded in a reasonable belief in fact and law that" the claimant was not disabled. 868 F.2d at 870.

The Commissioner's litigation position here was substantially justified. It was grounded on a reasonable legal argument for reading the administrative record. Although it was rejected by this Court, the government's position was accepted by the Appeals Council.

-5-

<u>Conclusion</u>.  Accordingly, the Court **HOLDS** that plaintiff's February 14, 2008 motion for fees under the EAJA is without merit; and, therefore, it is **DENIED**.

**IT IS SO ORDERED.**

_6-16-2008_
**Date**

**Edmund A. Sargus, Jr.**
**United States District Judge**